SINGLETON SCHREIBER, LLP
Gerald Singleton (OR #210955)
gsingleton@singletonschreiber.com
Stephen J. Hill (OR #240164), *Lead Counsel*
shill@singletonschreiber.com
Zachary Pangares (OR #213383)
zpangares@singletonschreiber.com
1050 SW 6th Avenue, Suite 1100
Portland, OR 97204
Tel. (503) 272-7866

SINGLETON SCHREIBER, LLP
Vanessa Waldref (WA 44396) *Pro Hac Vice Pending*
vwaldref@singletonschreiber.com
Dan Fruchter (WA 63591) *Pro Hac Vice Pending*
dfructer@singletonschrieber.com
108 N. Washington Street, Suite 603
Spokane, WA 99201
Tel. (509) 824-6222
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RAMON GARZA NINO, an individual; and MARIA CARRERA, an individual, | Case No.: |
| Plaintiffs, | COMPLAINT |
| v. | DEMAND FOR JURY TRIAL |
| UNION PACIFIC CORPORATION, a Utah corporation; and UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, | |
| Defendants. | |

COMPLAINT 1 SINGLETON SCHREIBER, LLP
1050 SW 6th Avenue, Suite 1100
Portland, OR 97204
Tel. (619) 771-3473

Plaintiffs Ramon Garza Nino and Maria Carrera, by and through their undersigned counsel, hereby file the following complaint for damages ("Complaint") against Defendants Union Pacific Corporation, a Utah corporation, and Union Pacific Railroad Company, a Delaware corporation (collectively referred to as "Union Pacific" or "Defendants").

## INTRODUCTION

1. This Complaint arises from the Rowena Fire, a catastrophic wildfire that ignited at approximately 1:30 PM on June 11, 2025, in Wasco County, Oregon.

2. The Rowena Fire was ignited by one of Union Pacific's trains, a manifest train operating between Hermiston and Portland believed to be hauling refrigerated boxcars ("Train").

3. The Rowena Fire started when Defendant's Train emitted superheated particles and ignited dry brush and other vegetation, igniting a fire near milepost 76.05 on Union Pacific's Portland subdivision, around three miles northwest of The Dalles, Oregon.

4. The fire quickly spread, burning over 3,600 acres, displacing over 1,500 residents, including Plaintiffs, and destroying more than fifty-six (56) residences, ninety-one (91) non-residential commercial properties, and eighteen (18) minor structures. At least five-hundred and eighty-eight (588) total personnel were needed to fight the fire, including nineteen (19) hand crews, twenty-five (25) fire engines, five (5) helicopters, three (3) bulldozers and eight (8) water tenders.

///
///
///
///
///
///
///
///
///



**Photograph 1.** *Rowena Fire burns near I-84 and U.S. 30.* [Oregon Dept. of Transportation Flickr](#) *(taken June 11, 2025).*

## JURISDICTION & VENUE

5.  This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the matter in controversy exceeds the amount of $75,000.

6.  Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because this is the judicial district where a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred, and in which the properties that are the subject of this action are situated.

## PARTIES

7.  Plaintiffs Ramon Garza Nino and Maria Carrera are married individuals (collectively referred to as "Plaintiffs"). Plaintiffs are residents of the State of Oregon.

8.  At all times relevant to this Complaint, Plaintiffs were homeowners and occupants of real property located in The Dalles, Wasco County, Oregon, and had a property interest located therein. The Rowena Fire interfered with their personal rights and interests in property and destroyed or damaged their personal and real property.

9.  Defendant Union Pacific Corporation is and was, at all times relevant to this Complaint, a Utah corporation doing business in the State of Oregon, including in Wasco County,

with its primary place of business at 1400 Douglas Street, Omaha, Douglas County, Nebraska 68179. At all times relevant to this Complaint, Defendant Union Pacific Corporation's business activities in Wasco County included the ownership, management, and operation of a railroad. At all times relevant to this Complaint, Union Pacific Corporation operated, governed, and controlled its subsidiaries, including Defendants Union Pacific Railroad Company, a Delaware corporation, and their agents.

10. Defendant Union Pacific Railroad Company is and was, at all times relevant to this Complaint, a Delaware corporation doing business in the State of Oregon, including in Wasco County, with its primary place of business at 1400 Douglas Street, Omaha, Douglas County, Nebraska 68179. At all times relevant to this Complaint, Defendant Union Pacific Railroad Company's business activities in Wasco County included the ownership, management, and operation of a railroad system.

11. Defendants Union Pacific Corporation and Union Pacific Railroad Company are collectively referred to as "Union Pacific" or "Defendants."

## FACTUAL BACKROUND

**A. Defendants' Railroad Operations.**

12. Defendants connect twenty-three (23) states in the western two-thirds of the United States by rail, including Oregon. Defendants own, operate, maintain, and repair a railroad system that transports supplies and provides transportation to residents, businesses, schools, and industries in Oregon, including in and around Wasco County.

13. Defendants own, operate, maintain, and repair a railway in Wasco County, Oregon, including a right of way, tracks, roadbed, and other improvements (collectively referred to as the "Tracks").

///

///

///

**B. The risk of wildfire in the Columbia River Gorge area was well known to Defendants prior to the start of the Rowena Fire.**

14. Defendants knew that the combination of near constant winds and hot, dry summer conditions create a high risk of wildfires in the Columbia River Gorge area.

15. On July 3, 2023, on the other side of the Columbia River Gorge in nearby Skamania County, Washington, a train operated by BNSF Railway was determined by the Washington Department of Natural Resources to have started the Tunnel 5 Fire, which burned several hundred acres.

16. In August 2014, a fire (also named the Rowena Fire) burned around 3,500 acres in the Rowena, Oregon area. The fire forced hundreds of people to evacuate their homes.

17. In June 2016, a Union Pacific train with ninety-six (96) tank cars carrying oil derailed in the Columbia River Gorge near Mosier, Oregon. As a result of the derailment, an estimated forty-two thousand (42,000) gallons of oil were spilled and several train cars caught fire and exploded.

18. In September 2017, The Eagle Creek Fire burned around 50,000 acres near Multnomah Falls, Oregon.

19. In July 2024, the Microwave Tower Fire started around five (5) miles west of Mosier, Oregon and burned approximately 1,300 acres. The fire prompted Level 1 and Level 2 evacuation notices for areas in Wasco and Hood River counties, affecting residents near the fire zone.

**C. On June 11, 2025, Defendants' railroad operations ignited the Rowena Fire.**

20. The combination of strong winds, low relative humidity, and hot temperatures resulted in the National Weather Service issuing "red flag warnings" of extreme wildfire risk prior to and on June 11, 2025, in the Columbia River Gorge, including Wasco County.

///

///

21. Despite the extreme risk of wildfires in Wasco County on June 11, 2025, Defendants operated their Train in an area with dry, overgrown vegetation on and next to its Tracks.

22. Several eyewitnesses reported observing that the Rowena Fire started when sparks, hot debris, particles, emissions, and/or other materials from Defendant's Train ignited the overgrown vegetation on or near Defendants' Tracks.

23. The high temperatures, together with winds gusting up to thirty (30) miles per hour, spread fire over the landscape, scorching several thousand acres.

**D. Due to the Rowena Fire, Plaintiffs have suffered substantial harms.**

24. The Rowena Fire caused Plaintiffs to evacuate and be displaced from their home and property. Due to the Fire, Plaintiffs suffered, and will continue to suffer, substantial harms, including, but not limited to, the following:

   a. Damage to, destruction of, and loss of real and personal property, including property that was unique and/or had peculiar personal value to Plaintiffs;

   b. Annoyance, inconvenience, disturbance, and loss of use and enjoyment of property;

   c. Diminution in the fair market value of their property;

   d. Loss of business income and business goodwill;

   e. Out-of-pocket expenses directly and proximately incurred because of the fire;

   f. Evacuation and additional living expenses;

   g. Lost wages;

   h. Discomfort, fear, upset, mental and emotional distress; and

   i. Investigation costs, litigation costs, and attorney fees.

///

///

///

///



**Photograph 2.** *Damage caused by Rowena Fire in the Columbia River Gorge.* KATU *(taken June 13, 2025).*

# CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF
**(Negligence and Negligence Per Se)**

25.     Plaintiffs reallege and incorporate the foregoing allegations as if fully set forth herein.

26.     Defendants have a duty of care to maintain, inspect, and operate its railway with the utmost care and prudence, because the operation of a railway exposes the public to serious accident or death.

27.     Operating a railroad is a matter of public concern. Defendants owe a duty to the public to operate their railroad in a safe and prudent manner in compliance with Oregon state law and federal regulations.

28.     Under 49 CFR Part 232, Defendants have a duty, among other things, to inspect, maintain, repair, and operate their Train, to ensure that it is in proper condition and safe to operate without unnecessary peril to life and limb.

29. Under 49 CFR Part 213, Defendants have a duty, among other things, to inspect and maintain their Tracks, including managing and maintaining vegetation on or near their Tracks, so as to prevent a fire hazard.

30. In addition, consistent with federal regulations and industry practices and procedures, Defendants have the duty to:

a. Conduct prompt, proper, and frequent inspections of their locomotives and railcars, including particularly the Train;

b. Manage vegetation on or near their Tracks so as not to create a fire hazard;

c. Operate, maintain, and/or repair their locomotives, and railcars, including particularly the Train, in such a way as to ensure their safe and proper operation, especially under dry, windy conditions where there is a high risk of wildfires;

d. Use appropriate and available technology, such as "track warning detectors"; appropriately place such detectors to ensure timely alerting of any potential problems; implement appropriate policies for the use of such detectors including, but not limited to, setting appropriate alarm thresholds and criteria for determining when a potentially dangerous condition exists; and ensure that such detectors are timely and properly inspected and maintained;

e. Ensure a proper mechanism for stopping or slowing malfunctioning locomotives and/or railcars, including the Train, in a timely manner to avoid ignition of a fire;

f. Hire, train, manage, oversee, and supervise their officers, agents, and employees, including, but not limited to, the train engineer, conductor, brake operator, and dispatcher, concerning the operation of their Train on June 11, 2025;

g. Properly determine the adequacy and skill of their officers, agents, and employees, including, but not limited to, the train engineer, conductor, brake operator, and dispatcher concerning the operation of their Train on June 11, 2025;

    h. Ensure that their officers, agents, and employees, including the train engineer and dispatcher, were properly instructed and trained regarding the risk of wildfires, and concerning safety and emergency procedures if a fire were ignited along their Tracks on June 11, 2025;

    i. Develop and implement a wildfire mitigation plan;

    j. Timely implement an emergency response plan in the event of fire ignition on or near their Tracks; and

    k. Contain the spread of fire on or near their Tracks.

31. After a reasonable opportunity for further investigation or discovery, Plaintiffs will likely have evidentiary support to establish that, Defendants negligently, carelessly, and/or recklessly breached their duties to Plaintiffs by, among other things:

    a. Failing to properly inspect, repair, and maintain the Train on or before June 11, 2025;

    b. Failing to properly manage vegetation on or near their Tracks on or before June 11, 2025, to mitigate the risk of wildfire;

    c. Failing to operate, maintain, and/or repair their Train in a manner that would ensure its safe and proper operation, and would mitigate the risk of wildfire;

    d. Failing to maintain vigilant lookout during the operation of the Train on June 11, 2025;

    e. Failing to immediately notify train dispatchers about fires observed along their Tracks on June 11, 2025;

    f. Failing to use, and/or respond to messages from, its "track warning detectors" along the Tracks on June 11, 2025, so as to prevent and/or rapidly respond to a fire;

    g. Failing to appropriately place such detectors along the Tracks in Wasco County prior to June 11, 2025, to ensure timely alerting of any potential problems;

    h. Failing to implement appropriate policies for the use of such detectors in Wasco County (including, but not limited to, setting appropriate alarm thresholds and criteria for determining when a fire or other potentially dangerous condition exists), and failing to and ensure that such detectors were timely and properly inspected and maintained;

    i. Failing to properly calibrate, maintain, test, and operate the brake systems on the Train;

    j. Failing to adequately hire, train, manage, oversee, and supervise their officers, agents, and employees, including but not limited to the train engineer, conductor, brake operator, and dispatcher involved in the operation of the Train on June 11, 2025;

    k. Failing to properly determine the adequacy and skill of their officers, agents, and employees, including but not limited to, the train engineer, conductor, brake operator, and dispatcher involved in the operation of the Train on June 11, 2025;

    l. Failing to adequately ensure that their officers, agents, and employees, including the train engineer and dispatcher, were properly instructed and trained regarding the risk of wildfires and concerning safety and emergency procedures in the event of a fire along their Tracks on June 11, 2025;

    m. Failing to properly develop and implement a wildfire mitigation program;

    n. Failing to implement an emergency response plan in the event of fire on or near their Tracks on June 11, 2025; and

    o. Failing to promptly contain the spread of fire on or near their Tracks on June 11, 2025.

32. Additionally, the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20101 et seq., the Locomotive Inspection Act ("LIA"), 49 U.S.C § 20701, et seq., and their accompanying regulations are implemented to promote safety in every area of railroad operations and reduce

railroad-related accidents and incidents. After a reasonable opportunity for further investigation or discovery, Plaintiffs will likely have evidentiary support to establish that Defendants' conduct violated the FRSA, the LIA, and one or more regulations, including but not limited to the following:

    a. 49 CFR Part 213, including but not limited to 49 CFR § 213.37;

    b. 49 CFR Part 229, including but not limited to 49 CFR §§ 229.7, 229.9, 229.13, 229.20, 229.21, 229.23, 229.25, 229.27, 229.29, 229.45, 229.46, 229.49, 229.91, 229.101; and 229.135.

    c. 49 CFR Part 232, including but not limited to 49 CFR §§ 232.15, 232.103, and 232.203; and

    d. 49 CFR Part 271, including but not limited to 49 CFR §§ 271.101, 271.105, 271.211, and 271.213.

33. Defendants' violation of such safety laws and regulations constitutes negligence per se.

34. As a direct, proximate, and foreseeable result of Defendants' negligence as described above, Plaintiffs have suffered, and will continue to suffer substantial harms, including, but not limited to, damage to, destruction of, and loss of real and personal property, and the other injuries and damages alleged herein.

35. Plaintiffs each seek damages on an individual basis in amounts as shall be proven at trial. Plaintiffs also seek damages equal to twice the amount of their property and economic damages to the extent allowed under ORS 477.089(2)(b).

## SECOND CLAIM FOR RELIEF
### (Trespass)

36. Plaintiffs reallege and incorporate by reference the foregoing allegations as if fully set forth herein.

37. On June 11, 2025, Plaintiffs were residents and owners of real and personal property in the Rowena Fire area and thus had an interest in exclusive possession of such property.

38. As described above, Defendants owed Plaintiffs numerous duties regarding the operation, inspection, maintenance and repair of their Train, so as to ensure that it was in proper condition and safe to operate on June 11, 2025, without causing unnecessary peril to life and limb and/or without igniting a wildfire.

39. Defendants also owed Plaintiffs numerous duties regarding the inspection and maintenance of their Tracks, including managing and controlling vegetation on or near their Tracks, so as to ensure that their Tracks were in proper condition and safe to have a Train run on them on June 11, 2025, without causing unnecessary peril to life and limb and/or without igniting a wildfire.

40. Defendants negligently, carelessly, and/or recklessly breached these duties, causing the Rowena Fire to ignite and spread out of control, and to intrude onto or into Plaintiffs' real and personal property.

41. Plaintiffs did not grant permission for any fire, smoke, or ash to enter their properties.

42. As a direct and proximate result of Defendants' trespass, Plaintiffs presently suffer, and will continue to suffer substantial harms, including, but not limited to, the damages alleged herein.

43. Plaintiffs each seek damages on an individual basis in amounts as shall be proven at trial. Plaintiffs also seek damages equal to twice the amount of their property and economic damages to the extent allowed under ORS 477.089(2)(b).

## THIRD CLAIM FOR RELIEF
**(Nuisance)**

44. Plaintiffs reallege and incorporate the foregoing allegations as if fully set forth herein.

45. On June 11, 2025, Plaintiffs were the owners and lawful occupiers of real properties in the area to which the Rowena Fire spread. Plaintiffs had a possessory interest in real property that the Rowena Fire damaged and destroyed, including the right to quiet use and enjoyment.

46. As more fully described above, despite the propensity of its Train to ignite fires, and the inadequacy of maintenance of their Tracks, on June 11, 2025, under hazardous weather conditions, Defendants operated their Train in Wasco County in violation of Oregon law and federal regulations.

47. Defendants' negligent and unlawful operation of their Train on June 11, 2025, which resulted in the Rowena Fire, created conditions and/or permitted conditions to exist that:

    a. Were harmful to health;

    b. Offended the senses;

    c. Obstructed the free use of property, so as to substantially interfere with the comfortable enjoyment of life and property; and

    d. Obstructed the free passage or use, in the customary manner, of public streets and highways.

48. These conditions, including flames, smoke, embers, ash, odors, gases, and airborne particles, interfered with Plaintiffs' right to quiet enjoyment of their property in a way unique to each Plaintiff.

49. These conditions affected a substantial number of people at the same time.

50. At no time did Plaintiffs consent to Defendants' actions in creating these conditions.

51. An ordinary person would be reasonably annoyed and disturbed by Defendants' actions in creating these conditions.

52. Defendants realized or should have realized that the objectionable conditions posed an unreasonable risk of fire that could spread and causes harm to Plaintiffs' persons, interests, and property.

53. Defendants' negligence, recklessness, and/or unlawful behavior substantially interfered with Plaintiffs' use and enjoyment of their real and personal property.

54. The harms caused by Defendants were unique to each Plaintiff and different from damages suffered by other Plaintiffs and from the general public.

55. Whatever benefit Defendants realized by their behavior was outweighed by the harm its operations imposed on Plaintiffs.

56. As a direct and proximate result of Defendants' creation of public and/or private nuisances, Plaintiffs suffered, and will continue to suffer damages, including, but not limited to, the injuries and damages as herein alleged.

57. Plaintiffs each seek damages on an individual basis in amounts as shall be proven at trial. Plaintiffs also seek damages equal to twice the amount of their property and economic damages to the extent allowed under ORS 477.089(2)(b).

## FOURTH CLAIM FOR RELIEF
### (*Res Ispa Loquitur*)

58. Plaintiffs reallege and incorporate by reference the foregoing allegations as if fully set forth herein.

59. At the time the Rowena Fire ignited, Defendants' Train operated on the Tracks in the general area of origin of the fire.

60. There is no information or evidence that any individual or entity other than Defendants caused or contributed to the release or emission of superheated particles, sparks, or other materials that ignited the Rowena Fire.

61. The wildfire was not caused by any voluntary action or contribution by Plaintiffs.

62. After a reasonable opportunity for further investigation or discovery, Plaintiffs will likely have evidentiary support to establish an inference that Defendants' negligence caused Plaintiffs' injuries.

63. One or more wrongful acts or omissions of Defendants amounted to a breach of its duty of care to Plaintiffs caused the release of superheated particles or sparks that ignited dry grasses and vegetation on or near the Tracks, causing the Rowena Fire.

64. As a direct and proximate result of Defendants' acts and omissions that caused the Rowena Fire, Plaintiffs suffered, and will continue to suffer substantial harms, including, but not limited to, the injuries and damages alleged herein.

65. Plaintiffs each seek damages on an individual basis in amounts as shall be proven at trial. Plaintiffs also seek damages equal to twice the amount of their property and economic damages to the extent allowed under ORS 477.089(2)(b).

## **PRAYER FOR RELIEF**

Plaintiffs seek the following:

(1) Just and adequate monetary compensation for all injuries and damages suffered on an individual basis in amounts to be proven at trial;

(2) Reasonable attorneys fees and costs to the extent permitted under ORCP 68B and/or any other statutory, legal or equitable basis;

(3) Twice the amount of their economic and property damages, to the extent permitted under ORS 477.089(2)(b); and

(4) Any other relief as the Court shall deem just and proper, either in law or equity, all according to proof.

## **DEMAND FOR JURY TRIAL**

The Plaintiffs demand a trial by jury on all issues so triable.

DATED: June 23, 2025         By:    /s/ *Stephen J. Hill*
                                    Stephen J. Hill (OR #240164),
                                    *Lead Counsel*
                                    shill@singletonschreiber.com
                                    SINGLETON SCHREIBER LLP
                                    *Attorney for Plaintiffs*