HUESTON HENNIGAN LLP
Douglas J. Dixon (*pro hac vice*)
Michael Behrens (*pro hac vice*)
Erik Savitt (*pro hac vice*)
Annie Banks (OSB #211947)
620 Newport Center Dr., Suite 1300
Newport Beach, CA 92660
Telephone: (949) 229-8640
Facsimile: (888) 866-4825
ddixon@hueston.com

STOEL RIVES LLP
Per A. Ramfjord (OR #934024)
Brad S. Daniels (OR #025178)
760 S.W. 9th Ave., Suite 3000
Portland, OR 97205
Telephone: (503) 224-3390
per.ramfjord@stoel.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RAMON GARZA NINO, et. al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>UNION PACIFIC CORPORATION, a Utah corporation; and UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,<br><br>        Defendants. | Case No. 3:25-cv-01078-SB<br><br>DECLARATION OF DOUGLAS J. DIXON IN SUPPORT OF DEFENDANTS' MOTION FOR BRIEF CONTINUANCE OF ORAL ARGUMENT ON DEFENDANTS' MOTION TO SEVER, DISMISS, AND STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT |

Page 1 –   DECLARATION OF DOUGLAS J. DIXON IN SUPPORT OF DEFENDANTS'
MOTION FOR BRIEF CONTINUANCE OF ORAL ARGUMENT ON
DEFENDANTS' MOTION TO SEVER, DISMISS, AND STRIKE PLAINTIFFS'
SECOND AMENDED COMPLAINT

**<u>DECLARATION OF DOUGLAS J. DIXON</u>**

I, Douglas J. Dixon, declare as follows:

1.      I am an attorney at law and lead counsel for Defendants Union Pacific Corporation and Union Pacific Railroad Company ("Union Pacific") in the above-referenced case. I submit this declaration in support of Union Pacific's Motion for Brief Continuance of Oral Argument on Defendants' Motion to Sever, Dismiss, and Strike Plaintiffs' Second Amended Complaint. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      In addition to serving as lead counsel for Defendants in this matter, I am also lead trial counsel for Southern California Edison Co. ("SCE") in a jury trial arising out of the 2017 Thomas Fire, scheduled to begin on January 12, 2026, in *CA Union Cooperative, Inc. v. Southern California Edison Co.*, Case No. 20-STCV-44868, pending in the Los Angeles Superior Court (the "CA Union Matter").

3.      When the parties agreed in November 2025 to schedule oral argument on Defendants' Motion to Sever, Dismiss, and Strike Plaintiff' Second Amended Complaint (the "Motion") for January 13, 2026, I reasonably believed that the CA Union Matter would resolve before trial. That belief was based on my extensive involvement in the litigation related to the Thomas Fire. To date, SCE has resolved the claims of 1,989 households (covering 5,252 individual plaintiffs), representing about 99.5% of all claims related to or arising out of the Thomas Fire. Indeed, the CA Union Matter will be the first case to proceed to trial relating to the Thomas Fire.

4.      Counsel for Plaintiffs in this action are aware of this history, as they have represented many plaintiffs in the Thomas Fire litigation.

Page 2 –   DECLARATION OF DOUGLAS J. DIXON IN SUPPORT OF DEFENDANTS'
           MOTION FOR BRIEF CONTINUANCE OF ORAL ARGUMENT ON
           DEFENDANTS' MOTION TO SEVER, DISMISS, AND STRIKE PLAINTIFFS'
           SECOND AMENDED COMPLAINT
151621963.1 0065410-00001

5.      Despite diligent efforts, the CA Union Matter has not resolved and is now expected to proceed to trial as scheduled on January 12, 2026.

6.      Once it become absolutely clear that the CA Union Matter would not resolve and that the resulting trial conflict would persist, I promptly notified Plaintiffs' counsel on January 5, 2026, and requested a brief continuance of the January 13, 2026 hearing. Although the CA Union Matter is scheduled for trial through January 30, the court in that case is dark on Friday, January 23. Accordingly, I proposed that Plaintiffs' counsel and I inquire into the Court's availability on that date or, alternatively, a date in early February 2026, other than February 9, when I am unavailable due to long-scheduled medical appointment.

7.      On January 6, 2026, Plaintiffs' counsel rejected Defendants' request, asserting that granting a continuance based on attorney unavailability may "allow defendants to unilaterally control docket." We inquired whether Plaintiffs would suffer any prejudice from a brief continuance of the oral argument, and Plaintiffs' counsel identified none.

8.      Defendants seek this brief continuance in good faith and solely to avoid prejudice that would result from conducting this hearing without the benefit of their lead counsel on a complex and potentially case-shaping motion involving numerous claims and issues. The requested continuance is limited in scope and duration and would not affect any other dates or deadlines in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this January 7, 2026, at Newport Beach, California

/s/ Douglas Dixon_____
Douglas Dixon

Page 3 –   DECLARATION OF DOUGLAS J. DIXON IN SUPPORT OF DEFENDANTS'
           MOTION FOR BRIEF CONTINUANCE OF ORAL ARGUMENT ON
           DEFENDANTS' MOTION TO SEVER, DISMISS, AND STRIKE PLAINTIFFS'
           SECOND AMENDED COMPLAINT

151621963.1 0065410-00001