Per A. Ramfjord, OSB No. 934024
per.ramfjord@stoel.com
Brad S. Daniels, OSB No. 025178
brad.daniels@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: (503) 224-3380

Doug Dixon, *pro hac vice*
ddixon@hueston.com
Erik Savitt, *pro hac vice*
esavitt@hueston.com
Michael A. Behrens, *pro hac vice*
mbehrens@hueston.com
HUESTON HENNIGAN LLP
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone: (949) 229-8640

*Attorneys for Defendants Union Pacific Corporation
and Union Pacific Railroad Company*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RAMON GARZA NINO, et al., | Case No.: 3:25-cv-01078-SB |
| Plaintiffs, | **DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |
| v. | |
| UNION PACIFIC CORPORATION, a Utah corporation; and UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, | |
| Defendants. | |

Defendants Union Pacific Corporation and Union Pacific Railroad Company ("Defendants") hereby respond to Plaintiffs' Notice of Supplemental Authority (ECF No. 55) regarding the Oregon Court of Appeals' recent decision in *James v. PacifiCorp*, No. A183140 (Or. Ct. App. April 8, 2026) (ECF No. 55-1) ("*James*"). The *James* opinion does not support the availability of punitive or noneconomic damages to wildfire plaintiffs.

The *James* plaintiffs brought claims against PacifiCorp arising from "four different wildfires, which burnt in four different geographic locations in Oregon" around Labor Day in 2020. *James* at 8; *see also id*. at 1. The trial court certified a class "that included the owners of over 2,000 parcels of property damaged by" these fires "certain of which were separated by well over 100 miles." *Id.* at 6. The class's claims related to all four fires were tried together in a single trial, and the jury found PacifiCorp liable for economic and noneconomic damages as well as punitive damages to the entire class. *Id.* at 1. PacifiCorp appealed, raising thirteen assignments of error. *Id*. The Oregon Court of Appeals "revers[ed] and remand[ed]" because it agreed with PacifiCorp's fourth assignment of error—that "the trial court erred in instructing the jury that it could 'assume that the evidence at the trial applies to all class members'" where "much of the evidence . . . related to particular issues concerning particular wildfires." *Id.* at 8. Because that error was "dispositive as to the issues before us on appeal," *id.* at 1, this "obviate[d] the need to address" the remaining assignments of error, including those challenging "the availability of noneconomic damages," *id.* at 39, n.10.

Notwithstanding the reversal, Plaintiffs contend that the trial court's rulings on punitive and noneconomic damages "remain intact" because the Court of Appeals "did not reach" them. ECF No. 55 at 2. That is wrong for at least two reasons.

**First**, the Court of Appeals explicitly did not reach the damages issues because a separate, dispositive error required reversal of the entire verdict and its corresponding liability and damages findings. The Court of Appeals' decision not to reach an issue says nothing about its merits.

**Second**, Plaintiffs' contention misunderstands Oregon appellate procedure. When, as here, an Oregon appellate court issues an unqualified "Reversed and remanded" disposition, "the 'reversed' part of the tagline negates the appealed judgment or order and the 'remanded' part sends the case back to the lower tribunal *as though the original proceeding did not occur.*" *Allen v. Premo*, 284 P.3d 1199, 1202 (Or. Ct. App. 2012) (emphasis added); *accord Mendoza v. Xtreme Truck Sales, LLC*, 537 P.3d 563, 567 (Or. Ct. App. 2023). *James* did not affirm any portion of the judgment, did not limit the scope of its remand, and did not preserve any trial court ruling. Indeed, the Court of Appeals emphasized the breadth of the remand, noting that "the trial court has the authority" to "reconsider its class certification decision," a foundational pre-trial ruling. *James* at 40.

Plaintiffs' reliance on *James* is misplaced. The opinion reversed the verdict in its entirety, left no damages rulings intact, and provides no support for the proposition that wildfire plaintiffs may recover punitive or noneconomic damages under Oregon law.

DATED: April 17, 2026        STOEL RIVES LLP

                                  *s/ Per A. Ramfjord*
                                PER A. RAMFJORD, OSB No. 934024
                                per.ramfjord@stoel.com
                                BRAD S. DANIELS, OSB No. 025178
                                brad.daniels@stoel.com

                                AND

152705660.1 0065410-00001

HUESTON HENNIGAN LLP
Doug Dixon, *pro hac vice*
ddixon@hueston.com
Michael A. Behrens, *pro hac vice*
mbehrens@hueston.com
Erik Savitt, *pro hac vice*
esavitt@hueston.com
Annie Banks, OSB No. 211947

*Attorneys for Defendants Union Pacific
Corporation and Union Pacific Railroad
Company*

152705660.1 0065410-00001