SINGLETON SCHREIBER, LLP
Gerald Singleton (OR #210955)
gsingleton@singletonschreiber.com
Stephen J. Hill (OR #240164)
shill@singletonschreiber.com
Zachary Pangares (OR #213383)
zpangares@singletonschreiber.com
1050 SW 6th Avenue, Suite 1100
Portland, OR 97204
Tel. (503) 272-7866

SINGLETON SCHREIBER, LLP
Rich Barker (WA 60958) *Pro Hac Vice*
rbarker@singletonschreiber.com
Vanessa Waldref (WA 44396) *Pro Hac Vice*
vwaldref@singletonschreiber.com
Dan Fruchter (WA 63591) *Pro Hac Vice*
dfruchter@singletonschrieber.com
108 N. Washington Street, Suite 603
Spokane, WA 99201
Tel. (509) 824-6222
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RAMON GARZA NINO, et al. | Case No.: 3:25-cv-01078-SB |
| Plaintiffs, | |
| v. | PLAINTIFFS' REPLY TO NOTICE OF SUPPLEMENTAL AUTHORITY |
| UNION PACIFIC CORPORATION, a Utah corporation; and UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, | |
| Defendants. | |

Plaintiffs submit this brief in reply to the Notice of Supplemental Authority (ECF No. 56). Defendants argue that because the Oregon Court of Appeals reversed and remanded the trial court judgment in *James v. PacifiCorp*, No. A183140 (Or. Ct. App. Apr. 8, 2026) (ECF No. 55-1), the

PLAINTIFFS' REPLY TO
NOTICE OF SUPPLEMENTAL
AUTHORITY

1

SINGLETON SCHREIBER, LLP
1050 SW 6th Avenue, Suite 1100
Portland, OR 97204
Tel. (619) 771-3473

trial court's rulings allowing noneconomic and punitive damages are legal nullities.

In short, Defendants overstate the procedural effect of the appellate decision to avoid its substantive implications. The *James* appellate court reversed solely on a narrow, class-specific jury instruction regarding the application of evidence. It explicitly declined to rule on the availability of noneconomic and punitive damages. Because the appellate court left the substantive damages issues untouched, the trial court's extensive legal analysis and determination that such damages are available in Oregon mass-wildfire cases remain highly persuasive authority for this Court.

## ARGUMENT

### A. The Appellate Court's Reversal Was Limited to a Procedural Jury Instruction, Leaving the Substantive Damages Analysis Unchallenged.

Defendants incorrectly suggest that the reversal in *James* equates to a repudiation of the trial court's damages rulings. The Oregon Court of Appeals reversed the judgment because the trial court incorrectly instructed the jury that it could "assume that the evidence at the trial applies to all class members," which the appellate court found problematic given the geographic dispersion of the four different wildfires. *James*, slip op. at 9.

The appellate court expressly noted that this specific instructional error "obviate[d] the need to address" the availability of noneconomic damages. *Id.* at 39 n.10. An appellate court's decision to resolve a case on narrow procedural or instructional grounds does not imply a rejection of the lower court's substantive legal rulings on unaddressed issues. Because the Court of Appeals expressly declined to address the damages arguments, Defendants cannot claim that *James* forecloses the recovery of punitive or noneconomic damages.

### B. Defendants Conflate the Binding Effect of a Judgment with the Persuasive Value of a Court's Legal Reasoning.

Defendants rely on *Allen v. Premo,* 251 Or. App. 682, 582 (2012), and *Mendoza v. Xtreme Truck Sales, LLC*, 328 Or. App. 471, 102 (2023), to argue that an unqualified reversal "negates the appealed judgment" and sends the case back "as though the original proceeding did not occur."

PLAINTIFFS' REPLY TO
NOTICE OF SUPPLEMENTAL
AUTHORITY

2

SINGLETON SCHREIBER, LLP
1050 SW 6th Avenue, Suite 1100
Portland, OR 97204
Tel. (619) 771-3473

ECF No. 56 at 3. While Defendants correctly cite the rule governing the *binding effect* of a vacated judgment on the parties to that specific litigation, they fundamentally misunderstand the purpose of supplemental authority.

Plaintiffs did not submit *James* to argue that the *judgment* is binding precedent, but rather to highlight the persuasive reasoning of an Oregon trial court managing a complex, mass-wildfire case. The trial court in *James* engaged in an extensive analysis of Oregon law before determining that noneconomic and punitive damages could be submitted to a jury in a utility-caused wildfire context. The fact that the ultimate verdict was reversed due to an overbroad jury instruction does not erase the intellectual or legal validity of the trial court's prior threshold rulings on what damages are available under Oregon tort law.

In the context of the Rowena Fires—which involve similar allegations of corporate negligence resulting in catastrophic wildfire destruction—the way Oregon trial courts have historically analyzed and permitted these damages categories is directly relevant to this Court's assessment of Plaintiffs' claims.

## CONCLUSION

The Oregon Court of Appeals' reversal in *James* was rooted in a class-wide evidentiary instruction, not a substantive rejection of noneconomic or punitive damages. The trial court's reasoning for allowing those damages to proceed remains persuasive authority for the application of Oregon tort law in mass-wildfire litigation. Plaintiffs respectfully request that the Court consider it as such.

DATED: April 23, 2026       Respectfully submitted,

By:    /s/ *Zachary Pangares*
         Zachary Pangares *(OR #213383)*
         SINGLETON SCHREIBER LLP
         *Attorney for Plaintiffs*

PLAINTIFFS' REPLY TO      3      SINGLETON SCHREIBER, LLP
NOTICE OF SUPPLEMENTAL          1050 SW 6th Avenue, Suite 1100
AUTHORITY          Portland, OR 97204
         Tel. (619) 771-3473